# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

**LARRY R. WIMBERLY,**
**and His Wife PAM WIMBERLY,**

    **Plaintiffs,**

v.                                                                              No.
                                                                                                                **JURY DEMANDED**

**CAMPBELL CLINIC, P.C.,**
**and ASHLEY LEWIS PARK, M.D.,**

    **Defendants.**

## COMPLAINT FOR PERSONAL INJURY

        COMES NOW Plaintiffs Larry R. Wimberly and his wife Pam Wimberly and file this Complaint for Personal Injury against Defendants Campbell Clinic, P.C. and Ashley Lewis Park, M.D., stating as follows:

### PARTIES

    1.    Plaintiffs Larry R. Wimberly and his wife Pam Wimberly are adult resident citizens of DeSoto County, Mississippi.

    2.    At all times relevant herein, Defendant Campbell Clinic, P.C. was a healthcare corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Shelby County, Tennessee.  Defendant, at all relevant times, was conducting and doing business in Shelby County, Tennessee, where patients were received and treated. While caring for and treating Mr. Wimberly, the acts performed by physicians, nurses, and other employees and/or agents of Defendant were in connection with their duties at Campbell Clinic, P.C. and they were acting within the course and scope of their employment and/or agency.

Defendant is responsible and vicariously liable for the negligent acts and omissions of its physicians, nurses, employees and/or agents, as described herein, pursuant to the doctrines of respondeat superior, actual agency, express agency, and/or apparent agency.  Defendant can be served with process through its registered agent for service of process, Frederick M. Azar, M.D., 1400 South Germantown Road, Germantown, Tennessee 38138.

3.       Upon information and belief, at all times relevant herein, Defendant Ashley Lewis Park, M.D. (hereinafter "Dr. Park") was a resident of Tennessee and was duly licensed to practice medicine by the State of Tennessee.  Dr. Park practiced medicine at Campbell Clinic, P.C. in Shelby County, Tennessee, where patients were received and treated.  Dr. Park was, upon information and belief, at all relevant times an employee and/or agent of Defendant Campbell Clinic, P.C.  Upon information and belief, Dr. Park may be served with process at 1400 South Germantown Road, Germantown, Tennessee 38138.

## JURISDICTION AND VENUE

4.       The acts and omissions that give rise to this lawsuit all occurred in Memphis, Shelby County, Tennessee.  This Court has proper jurisdiction and venue over this action and the parties hereto pursuant to 28 U.S.C. §§ 1332 and 1391.  This lawsuit is timely filed pursuant to applicable Tennessee law.

5.       Plaintiffs have complied with the provisions of Tenn. Code Ann. § 29-26-121(a) by mailing, by FedEx, notice of claim to Defendants at the address for their registered agents for service of process and/or their current business addresses.  This is evidenced by the attached Affidavit of Erick Anderson, which states that such actions occurred and further shows that notice of claim was timely sent, by FedEx, to Defendants on August 5, 2019.  See Exhibit A.  Pursuant to Tenn. Code Ann. § 29-26-121(a)(4), a copy of the written notice sent to Defendants

is attached to the Affidavit of Erick Anderson.  The notice requirements of Tenn. Code Ann. § 29-26-121 have been satisfied.

6. Plaintiffs have timely complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) by giving notice and the documents required to Defendants at least sixty (60) days before filing the instant complaint.

7. Plaintiffs' counsel has consulted with one or more medical experts who have provided signed written statements confirming that, upon information and belief, they are competent under Tenn. Code Ann. § 29-26-115 to express opinions in this case and believe, based on the information available from the medical records concerning the care and treatment for the incidents at issue, that there is a good faith basis for maintaining this action consistent with the requirements of Tenn. Code Ann. § 29-26-115.  A certificate of good faith signed by Plaintiffs' counsel is being filed contemporaneously herewith pursuant to the requirements of Tenn. Code Ann. § 29-26-122.  Plaintiffs' counsel has never been found in violation of Tenn. Code Ann. § 29-26-122.

## FACTUAL ALLEGATIONS

8. On August 1, 2018, Mr. Wimberly presented to the Campbell Clinic Surgery Center in Germantown, Tennessee for a lumbar epidural steroid injection performed by Dr. Park.  The procedure was performed without complications.  This was the fifth time that Mr. Wimberly had undergone a steroid injection.  Mr. Wimberly had been on blood thinners before this procedure and began taking them again following the procedure.

9. In the days following the procedure, Mr. Wimberly began to experience pain in his leg, numbness in his genitals and rectum, constipation, and difficulty urinating.  When he had

experienced similar symptoms following the prior injections, Mr. Wimberly had been told that these were normal and would usually stop within ten days after the procedure.

10. Having experienced no relief of his symptoms ten days after the procedure, Mr. Wimberly called Dr. Park's assistant Erica on August 10, 2018 to inform her of the problems that he was having. Erica called in a prescription for Gabapentin.

11. On August 13, 2018, Mr. Wimberly became dizzy and suffered a fall, causing a large hematoma on his upper arm. Mr. Wimberly called Dr. Park's assistant Erica to inform her of the dizziness and fall. After the fall, Mr. Wimberly began to use a wheel chair.

12. Mr. Wimberly continued to have difficulty ambulating and by August 15, 2018 he required a wheel chair or walker to get around the house. On August 16, 2018, he again called Dr. Park's assistant Erica to inform her of his deteriorating condition, his use of a wheel chair and walker, the pain in his leg, the numbness in his genitals and rectum, and the constipation and difficulty urinating. He was told that this was normal and that Dr. Park would see him at his previously-scheduled follow-up appointment.

13. With his condition continuing to fail, Mr. Wimberly called and left a message for Dr. Park's assistant Erica on August 22, 2018 that his symptoms were worsening.

14. Having received no return call from the day before, Mr. Wimberly again called Dr. Park's assistant Erica on the morning of August 23, 2018 and told her of his problems. Erica requested that he come in to see Dr. Park that day. Upon finally seeing Mr. Wimberly on that day, Dr. Park told him to immediately go to the Emergency Room at Baptist Memorial Hospital in Collierville.

15. Upon arrival at the Baptist Emergency Room, an MRI was performed that showed a hematoma from L3 to S1 that was compressing on Mr. Wimberly's spinal cord and he was

diagnosed with cauda equine syndrome. He required urgent surgical intervention to evacuate the hematoma.

16. On August 24, 2018, Mr. Wimberly underwent surgical evacuation of the epidural hematoma.

17. Despite extensive physical therapy, Mr. Wimberly continues to suffer numbness in his legs and toes and difficulty defecating and urinating. Because he had to strain so much to urinate and defecate on a daily basis, Mr. Wimberly developed an abdominal hernia that required surgical repair. He has been diagnosed with a neurogenic bladder that has required placement of multiple medical devices for bowel and bladder control. He still suffers difficulty ambulating and requires the assistance of a cane. These problems are a direct result of the epidural hematoma compressing his spinal cord.

18. When informed of Mr. Wimberly's symptoms following his epidural steroid injection, in light of his use of blood thinners, a reasonable physician would have immediately requested the patient to come to the office to undergo imaging studies that would have detected the hematoma before it got to the point where it was compressing the spinal cord. If Mr. Wimberly's hematoma had been timely diagnosed, he would likely not be suffering the permanent injuries described above.

## CAUSE OF ACTION

19. The evaluation, treatment, and care of Mr. Wimberly by Dr. Park's assistant fell below the recognized standard of acceptable professional practice for healthcare providers in Shelby County, Tennessee and similar communities. The medical negligence includes, but is not limited to:

      (a)    Failure to exercise reasonable care and diligence in the application of knowledge, skill, care, and ability in the treatment and evaluation of Mr. Wimberly;

      (b)    Failure to inform Dr. Park or another physician of Mr. Wimberly's post-operative complaints and symptoms;

      (c)    Failure to act with reasonable care that would have prevented the progression of the epidural hematoma to the point where it was compressing the spinal cord; and

      (e)    Failure to exercise reasonable and ordinary care under the circumstances.

20.    At all times material hereto, Dr. Park's assistant was an employee, agent, owner, partner, member, and/or servant of Campbell Clinic, P.C. and performed professional medical services within the scope of her employment or agency at and for Campbell Clinic, P.C. Dr. Park's assistant had actual, apparent, and/or implied authority to act for Campbell Clinic, P.C. As such, Campbell Clinic, P.C. is legally responsible for the negligence of Dr. Park's assistant under the doctrines of respondeat superior, and express and implied agency.

21.    Pleading in the alternative, if Dr. Park was informed of Mr. Wimberly's complaints and symptoms, the evaluation, treatment, and care of Mr. Wimberly by Dr. Park fell below the recognized standard of acceptable professional practice for physicians in Shelby County, Tennessee and similar communities. The medical negligence includes, but is not limited to:

      (a)    Failure to exercise reasonable care and diligence in the application of knowledge, skill, care, and ability in the treatment and evaluation of Mr. Wimberly;

   (b)  Failure to examine Mr. Wimberly and order imaging studies in light of his post-operative complaints and symptoms;

   (c)  Failure to act with reasonable care that would have prevented the progression of the epidural hematoma to the point where it was compressing the spinal cord; and

   (e)  Failure to exercise reasonable and ordinary care under the circumstances.

 22. At all times material hereto, Dr. Park was an employee, agent, owner, partner, member, and/or servant of Campbell Clinic, P.C. and performed professional medical services within the scope of his employment or agency at and for Campbell Clinic, P.C. Dr. Park had actual, apparent, and/or implied authority to act for Campbell Clinic, P.C. As such, Campbell Clinic, P.C. is legally responsible for the negligence of Dr. Park under the doctrines of respondeat superior, and express and implied agency.

## DAMAGES

 23. As a direct and proximate result of Defendants' negligence, Mr. Wimberly has sustained, and will continue to sustain, injuries and damages, including, but not limited to, the following:

   (a)  Severe physical pain and suffering;

   (b)  Mental and emotional anguish;

   (c)  Medical expenses;

   (d)  Loss of enjoyment of life;

   (e)  Loss of earning capacity;

   (f)  Permanent impairment; and

   (g)  Loss of consortium.

24. As a direct and proximate result of Defendants' negligence, Mrs. Wimberly has suffered loss of love and affection, loss of spousal companionship, and loss of consortium.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That they be awarded compensatory damages in an amount to be determined by a jury but not less than the jurisdictional limits of this Court; and

2. That they be awarded prejudgment and postjudgment interest as well as all discretionary costs and other relief to which they may be entitled.

**PLAINTIFFS DEMAND THAT THIS CASE BE TRIED BY A JURY.**

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

s/Frank B. Thacher, III
Frank B. Thacher, III (#23925)
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
fthacher@bpjlaw.com

Attorneys for Plaintiffs